UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DR. CHRISTOPHER RUSSO,

    Defendant.
_____/

Case No. 2:18-cr-20800
District Judge Stephen J. Murphy
Magistrate Judge Anthony P. Patti

## ORDER GRANTING DEFENDANT CHRISTOPHER RUSSO'S MOTION FOR RECONSIDERATION (ECF No. 161) AND AMENDING JANUARY 2, 2020 REPORT AND RECOMMENDATION (ECF No. 160)

On January 2, 2020, I issued a report and recommendation to deny Defendant Christopher Russo's request for bond, concluding that his prior history of drug-seeking behavior and absconding, coupled with a lack of a suitable non-custodial alternative – including an acceptable, live-in third-party custodian – required ongoing detention. My recommendation was supported by Pretrial Services (PTS). Defendant subsequently filed a motion for reconsideration of my report and recommendation (ECF No. 161), which suggested new and previously unexplored alternatives to detention that appeared capable of meeting the Court's strict criteria for re-release on bond. I directed PTS to conduct further investigation, based upon the newly suggested alternatives provided by

Defendant's counsel. This resulted in a new PTS report, dated January 24, 2020.[1] This memorandum explains in detail why some of the newly proposed living situations are workable, and now recommends release on bond.

I held a telephonic status conference on the record, at which I heard from the attorneys for the Government and the defense, as well as the PTS officer responsible for this matter. Defendant, through counsel, waived his right to appear at this proceeding (and the prior post-hearing status conference). Among other things, the Court learned that Defendant has been pre-approved for entry into the Dawn Farms substance abuse program in the Ann Arbor area, a program which appears to be particularly appropriate in this individual situation. The Government's counsel stated on the record that the United States supports the bond recommendation outlined in the latest PTS memorandum, and has given written notice of its support to PTS.

The various PTS reports having explored a number of possibilities for release on bond in great detail, as further explored over several proceedings and with much-appreciated assistance stemming from PTS's ongoing investigation and the very diligent efforts of defense counsel, I agree with the new recommendation,

---

[1] A copy of the most recent memorandum received from PTS, dated January 24, 2020 and copied to all counsel of record, has been forwarded to Judge Murphy under separate cover.

as modified below.  Accordingly, Defendant's motion for reconsideration  (ECF No. 161) is hereby **GRANTED**, and the January 2, 2020 report and recommendation – which is otherwise incorporated by this reference as to all factual background and analysis, excepting the conclusion and recommendation – is hereby **AMENDED** to conclude and recommend that Defendant Christopher Russo be released on a $10,000 unsecured bond subject to the following conditions:

1. Reside with his sister, Catherine Sherwood, who will serve as his third party custodian until admittance into a transitional housing and substance abuse treatment program.  If admittance to a transitional housing program cannot be obtained within two weeks of his release, a bond review hearing should be held.

2. Report as directed to Pretrial Services.

3. Travel is restricted to the Eastern District of Michigan, unless previously approved by Pretrial Services or the Court.

4. Do not obtain a passport or other international travel document.

5. Defendant's passport remains surrendered to Pretrial Services, pending disposition of this case.

6. Do not possess a firearm, destructive device, or other dangerous weapon.

7. Do not use, or unlawfully possess, a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner.

8. Submit to drug testing as directed by Pretrial Services.

9. Submit to drug treatment, initially in a transitional housing and substance abuse treatment program approved by Pretrial Services, and upon

completion of the program, as directed by Pretrial Services. When housed in a transitional housing and substance abuse treatment program, Defendant must reside with an in-house manager/supervisor.

10. Defendant must abstain from alcohol.

11. Do not bill, or cause to be billed, any claims to a federal healthcare program.

12. Defendant is to have no contact with co-defendants.

13. Do not prescribe controlled substances.

14. Do not direct the prescription of controlled substances to any person.

15. Location monitoring-home detention, with active GPS. Location monitoring will be installed immediately upon Defendant's release by Pretrial Services in the Eastern District of Michigan.

16. Pay all or part of the cost of location monitoring as directed by Pretrial Services.

17. After completion of residential substance abuse treatment, but prior to Defendant living in a non-treatment setting, Pretrial Services must approve a suitable live-in third-party custodian and the residence at which Defendant will reside. To be deemed suitable, a third-party custodian must have a clean record for substance abuse and felonious criminal activity.

Additionally, in order to ensure that Defendant has location monitoring equipment installed immediately upon his release, he is to be released at the federal courthouse in Detroit, Michigan, on a business day prior to 12:00 noon.

**Accordingly, I now recommend release on bond, subject to the above-referenced conditions, <u>with zero tolerance.</u>**

**IT IS SO ORDERED.**

Dated: February 3, 2020

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE