# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                               CRIMINAL NO. 18-CR-20800

    v.                                       HON. STEPHEN J. MURPHY III

D-1   DR. RAJENDRA BOTHRA,
D-3   DR. GANIU EDU,
D-4   DR. DAVID LEWIS,
D-5   DR. CHRISTOPHER RUSSO,

    Defendants.
_____/

## UNITED STATES' REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' EXPERTS (ECF NO. 372)

As Dr. Lewis concedes, "where a defendant's disclosure makes 'no attempt at all to describe the bases and reasons for an expert's opinions, then the disclosure is deficient.'" (ECF No. 376, PageID.2960). That is the precise situation Dr. Lewis and his colleagues find themselves, except in addition to not disclosing the bases and reasons for their experts' opinions, they also did not disclose the opinions themselves.

Cognizant of the deficiencies in his disclosures, Dr. Lewis tries to distract the Court with misstatements and misdirection. For example, in one breath he says he disclosed his experts' charts "through expert disclosure," (*id.* at PageID.2960), but in the next breath he admits the "graphs have not yet been shared with the

Government." (*Id.* at PageID.2964). As the Court can see for itself, no charts accompany the expert disclosures. (ECF Nos. 372-2 & 372-3). During the parties' meet and confer on May 11, 2022, counsel for Dr. Lewis did permit the undersigned counsel to briefly review the charts, but copies were not left with the government.

As another example, Dr. Lewis notes that the "extent of detail required [] will depend on the nature of the expert testimony," (ECF No. 376, PageID.2960), but then tries to criticize the disclosures of the government for its agents. (*Id.* at PageID.2961). The government's special agents will testify generally about billing procedures, how drugs are diverted, and the street prices of drugs. These are not complicated areas, and it is arguably fact and lay opinion testimony rather than Rule 702 testimony, but the government made its disclosures—way back in October 2020—out of an abundance of caution.

Furthermore, at hearings and in orders, the Court has repeatedly noted the government's compliance with its discovery obligations, yet Dr. Lewis continues to falsely claim that the government has been deficient. Repeating a falsehood over and over does not make it true. Rule 16 says nothing about lists of patients to be discussed at trial, yet the government has provided that list. The government provided disclosures for its agents well back in October 2020, and Dr. Lewis never complained about the scope of those disclosures. Dr. Lewis also tries to blame the

timing of the meet and confer regarding exhibits as justification for why its expert disclosures are lacking, but nothing in Rule 16 says a defendant can wait until he sees trial exhibits before he has to provide an expert report.

Simply put, the government has complied with Rule 16. In contrast, Dr. Lewis has tried "to ride roughshod over reasonable evidentiary restrictions," *Wynne v. Renico*, 606 F.3d 867, 870 (6th Cir. 2010), and the appropriate remedy is to exclude his experts at trial.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/*Brandon C. Helms*
Brandy R. McMillion
Brandon C. Helms
Assistant United States Attorneys
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9622
Phone: (313) 226-9639
Email: brandy.mcmillion@usdoj.gov
Email: brandon.helms@usdoj.gov

Dated: May 12, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

/s/Brandon C. Helms
Brandon C. Helms
Assistant United States Attorney